**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TYRONE LAVON LEE, JR.,

Plaintiff,

v.

Case No. 3:26-cv-2044-WWB-PDB

RYAN GOTHE, et al.,

Defendants.

---

## ORDER

Plaintiff Tyrone Lavon Lee, Jr., a pretrial detainee, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1). Generally, Lee alleges that his constitutional rights were violated when he was arrested and charged with burglary and related claims in *State v. Lee*, No. 2026-CF-000038 (Fla. 4th Cir. Ct.).[1] The Court reviews whether the allegations in the Complaint are frivolous, facially deficient, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517

---

[1] Publicly available state court records show Lee awaits a hearing on his competency to proceed. *State v. Lee*, No. 2026-CF-000038, Doc. 32 (Fla. 4th Cir. Ct.).

F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted a true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complain must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id*.

## I. COMPLAINT

Lee's Complaint is difficult to understand. Generously construing the Complaint, as best as the Court can discern, this action is based on Lee's allegation that he was falsely accused of stealing a John Deere crawler dozer. Lee alleges that on January 10, 2026, he was walking in Franklin Park when defendant Deputy Ryan Gothe approached him in a patrol truck and arrested him. (Doc. 1 at 14). Lee told Deputy Gothe that he did not steal anything, but Deputy Gothe falsely reported in an arrest affidavit that Lee stole the keys and owner's manual to the crawler dozer. (*Id*.).

Lee names as defendants Deputy Ryan Gothe and another unnamed deputy sheriff. (*Id*. at 20). He also names as defendants four private individuals. He alleges that Defendant Shane Petty falsely reported that he had a crawler dozer for sale. (*Id*. at 21).

He alleges that Defendant Marcus Holley made false reports to a 911 emergency operator. (*Id*. at 27). He alleges that Defendant Jim Cunningham spoke to deputy Gothe before he arrested Lee. (*Id*. at 18). Finally, he names Capital Holley as a defendant and describes this Defendant as the "victim." (*Id*. at 23).

Lee invokes his rights under the Second, Fifth, and Fourteenth Amendments. (*Id*. at 7). He seeks to recover compensatory and punitive damages. (*Id*.).

## II. DISCUSSION

Lee's Complaint is subject to dismissal without prejudice because he fails to state a claim for any federal civil rights violation. However, in light of Lee's pro se status, the Court generously construes the Complaint as attempting to state a claim for false arrest and affords Lee an opportunity to amend. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). If Lee elects to amend his Complaint, he should keep in the mind the following legal standards applicable to a false arrest claim.

### A. False Arrest

"A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020). An unlawful or false arrest claim "challenges as constitutionally deficient an officer's on-the-spot determination of probable cause." *Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324, 1330 (11th Cir. 2024). In this context, the court "ask[s] whether the totality of the circumstances known to the arresting officer at the time of the seizure provided probable cause to suspect the plaintiff of a crime[;]" and the

court "do[es] not consider evidence that the arresting officer may have harbored ill will toward the plaintiff." *Id*. "[A]ll that matters is whether an objectively reasonable officer could have made the same seizure under the same circumstances." *Id*. "To succeed on a false-arrest claim, a plaintiff must establish (1) a lack of probable cause and (2) an arrest." *Brooks v. Miller*, 78 F.4th 1267, 1281 (11th Cir. 2023). "Probable cause exists when 'a reasonable officer could conclude . . . that there [is] a substantial chance of criminal activity." *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022).

Publicly available records show that Lee awaits trial on charges stemming from his arrest on January 10, 2026. *State v. Lee*, No. 2026-CF-000038 (Fla. 4th Cir. Ct.). "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). "[A] federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). "*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interest; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id*.

Lee's state criminal case is ongoing, the criminal prosecution for a violation of state law implicates an important state interest, and the state court provides Lee an adequate forum to raise his claims. Therefore, to the extent Lee intends to pursue a false arrest

claim, the Court must abstain from interfering in the ongoing state court proceeding. *Kugler v. Helfant*, 421 U.S. 117, 123–24 (1975). Lee will have an adequate opportunity to raise his claims regarding the validity of his arrest in the state criminal prosecution. *Chestnut v. Canady*, 853 F. App'x 580, 583 (11th Cir. 2021) ("[I]n the absence of authority to the contrary, a federal court should assume that a state's procedures will afford the plaintiff an adequate remedy."). And, because Lee seeks monetary relief that he cannot recover in his state criminal case, the Court must stay this case as to Lee's construed false arrest claim until the state criminal case concludes. *Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) ("Tribble seeks money damages, which are unavailable in his state criminal proceeding, and Tribble correctly notes that his right to seek relief at a later date may be frustrated by the applicable statutes of limitation." (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988))). Alternatively, Lee may voluntarily dismiss his construed false arrest claim pending the outcome of his criminal proceedings.[2]

**B. Private Individuals**

Lee's claims against Marcus Holley, Capital Holley, Shane Petty, and Jim Cunningham, all private individuals, must be dismissed for the additional reason that they are not state actors. "Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the

---

[2] A false arrest claim accrues when the legal process commences, and a four-year statute of limitation applies to a federal civil rights claim. *Williams v. Aguierre*, 965 F.3d 1147, 1158 (11th Cir. 2020) ("A claim of false arrest or imprisonment under the Fourth Amendment . . . accrue[s] when either the seizure ends or the plaintiff is held pursuant to legal process." (citing *Wallace*, 549 U.S. at 388–89)); *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) ("[A] plaintiff must commence a Section 1983 claim arising in Florida within four years of the allegedly constitutional or otherwise illegal act.'" (citation omitted)).

claimant of some right, privilege, or immunity protected by the Constitution or law of the United States." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).

Lee alleges that Shane Petty and Marcus Holley reported false information that led to his arrest. However, "the mere act of reporting a suspected crime to the police is insufficient to establish state action . . . under § 1983." *Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 885 (11th Cir. 2011). "This is even the case if the report to law enforcement contains false information." *Harris v. Food Giant Supermarkets, Inc.*, No. 1:17-cv-286, 2017 WL 9732025, at *4 (M.D. Ala. Nov. 29, 2017), *adopted by* 2018 WL 1410838 (M.D. Ala. Mar. 21, 2018). And Lee alleges no facts to show that either Jim Cunningham or Capital Holley are state actors.

**C. Leave to Amend**

If Lee can state a claim for false arrest, or another civil rights violation, that meets the pleading standards described above and name a proper defendant, he may file an amended complaint. Lee's amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that a pro se party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Rule 8 provides that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, a § 1983 plaintiff must allege with specificity the facts that make out his claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("The contours of an asserted constitutional right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.")(quotations omitted)). Lee must separate each cause of action against each defendant into a different count. Pursuant to Federal Rule of Civil Procedure 10(b), the amended complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id*. Lee must clearly specify which defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland v. Palm Beach Cnty.*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (affirming dismissal of pro se § 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants"). Finally, Lee must file the amended complaint on the standard form. M.D. Fla. L.R. 6.04(a)(3).

## III. CONCLUSION

Accordingly, it is **ORDERED** that Lee's Complaint is **DISMISSED without prejudice**. If Lee can state a claim for false arrest, or another civil rights violation, and name a proper defendant, he may file an amended complaint consistent with this Order no later than **November 16, 2026**. The amended complaint will supersede the initial

Complaint. Therefore, the amended complaint must contain all claims for relief. It must not refer to or incorporate the initial Complaint.

If Lee fails to file an amended complaint within the time allotted, this Order dismissing the Complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

Additionally, not later than **November 16, 2026**, Lee must move to proceed *in forma pauperis*. Alternatively, he may pay the $402.00 filing fee (if he does not desire to proceed as a pauper). Failure to comply within the allotted time will result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, on October 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Tyrone Lavon Lee, Jr., #19868